IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00113-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE SCOTT RITCHIE,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on October 16, 2017. The court has taken judicial notice of the court's file and the pretrial services memorandum dated October 13, 2017. The defendant is not contesting detention. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any

other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Investigation Memorandum dated October 13, 2017, and the entire court file. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, I find that the defendant has been charged in the Indictment with Bank Robbery in violation of 18 U.S.C. § 2113(a).

Second, I find that probable cause exists that the defendant committed the charged offense based upon the Indictment.

Third, I find that on June 5, 2017, the defendant was sentenced in Denver County District Court, Case Number 17CR10108, to two (2) years Colorado Department of Corrections, thirty-four (34) days credit for time served, and two (2) years mandatory parole, subsequent to his conviction for felony Attempted Escape From Direct Community Corrections or Intensive Supervision Parole. This sentence is to run concurrent to Denver County District Court, Case Numbers 14CR3964, 15CR4426, and Arapahoe County District Court, Case Number 15CR543.

On May 23, 2016, the defendant was sentenced in Arapahoe County District Court, Case Number 15CR543, to one (1) year Colorado Department of Corrections and fifty-six (56) days credit for time served, subsequent to his conviction for felony

Possession of Forged Instrument.

On April 25, 2016, the defendant was sentenced in Denver County District Court, Case Number 15CR4426, to six (6) years Colorado Department of Corrections, two hundred fifty-seven (257) days credit for time served, and three (3) years mandatory parole, subsequent to his conviction for felony Theft - $20,000-$100,000. On that same date, the defendant's probation was revoked in Denver County District Court, Case Number 14CR3964, and he was sentenced to one (1) year Colorado Department of Corrections, two hundred fifty-seven (257) days credit for time served, and one (1) year mandatory parole. He was originally convicted of felony Possession of Controlled Substance in that case.

The defendant's estimated parole eligibility date is July 22, 2018. His mandatory release date is February 27, 2021.

Under the circumstances, I find that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order the defendant detained without bond.

Done this 16th day of October 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge