IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 17-cr-00113-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LAWRENCE SCOTT RITCHIE,

        Defendant.

---

**SENTENCING STATEMENT IN SUPPORT OF A
SENTENCE OF 63 MONTHS IMPRISONMENT**

---

Mr. Lawrence Ritchie, through undersigned counsel, Natalie Stricklin, submits this sentencing statement. Mr. Ritchie respectfully requests the Court impose a sentence of 63 months imprisonment to run concurrent to the sentences being served in the Colorado Department of Corrections followed by 3 years of supervised release. Such a sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing as set forth in 18 U.S.C. §3553(a)(2).

**I.**  **18 U.S.C. §3553(a)(1)**

    A)  Nature of the Offense

Mr. Ritchie is charged with and pled guilty to one count of bank robbery. The charges result from an incident in which Mr. Ritchie entered the North Valley Bank and presented a note to the teller demanding money. The note was written on the back of an employee pay stub. The teller took $3650.00 out of the drawer and handed it to Mr. Ritchie. Mr. Ritchie then fled the area in a stolen Toyota Corolla – the vehicle having

been reported stolen by the same individual whose identifying information appeared on the back of the bank robbery note. Later, law enforcement searched Mr. Ritchie's hotel room and found a toy gun and large sum of money. Additionally, of the $3650.00 given to Mr. Ritchie during the robbery, the bank received $3067.00 back. The remaining restitution owed is $583.00.

      B)      History and Characteristics of the Defendant

          i) Family Background and Support

Mr. Ritchie grew up amidst instability and abandonment. After his parents divorced when he was eight years old, his mother "left" him and his sister with a parental uncle. His mother sent her children away after receiving an ultimatum from a boyfriend. Mr. Ritchie remembers his mother dropping him off at his Uncle William's house and simply didn't come back. He then moved with his uncle, cousin, and sister to Seattle.

In Seattle the department of human services became involved in the family after allegations of abuse against the three children by William's then girlfriend were raised. In response, Mr. Ritchie and his sister were moved back to Denver where he remembers being taken in social services' custody almost immediately upon return to Colorado. From there, Mr. Ritchie was placed in foster and group homes, adding to the instability and feelings of abandonment.

Mr. Ritchie has always felt close to his sister and in his adult years, Mr. Ritchie has re-established a relationship with father. Mr. Ritchie's sister, Tracy, is his biggest source of support. She stands by him and continues to advocate for him to get

treatment he must deal with mental health related issues stemming from childhood trauma and drug addiction.

    ii) <u>Mental Health and Substance Abuse</u>

 As a child left to his own devices from an early age, Mr. Ritchie turned to drugs and alcohol as a way to cope with and self-medicate the emotional issues resulting from the abuse and feelings of abandonment he suffered in his early years. He experimented with alcohol and marijuana in his early teens and by his early twenties he was using methamphetamine daily.

 Accompanying his substance abuse is a host of mental health diagnoses, including general anxiety, depression, PTSD, and antisocial personality disorders. Many are likely related to childhood abuse and trauma. Mr. Ritchie has been prescribed mental health medications throughout his life. The most effective combination has been Wellbutrin and Neurontin – a combination unavailable to him since he was transferred to federal custody. He agrees that mental health counseling and medication management are necessary components of his treatment.

 Mr. Ritchie's most meaningful opportunity at treatment came in 2017 when he was transitioned from the Colorado Department of Corrections to the Peer 1 program. Peer 1 is an intense program known for its "break you down and build you back up" philosophy. Mr. Ritchie acknowledges that when he arrived at Peer 1 he "wasn't ready" and so he walked away from the program a short two weeks after arriving.

 Mr. Ritchie is interested in the RDAP program. He "hates" his drug addiction and knows that it is the reason he is where he is today. He continuously self-sabotages and self-medicates his mental health issues with methamphetamine use.

For Mr. Ritchie to end the cycle of being in and out of prison, he must address his addiction issues.

      iii) <u>Criminal History</u>

As a juvenile Mr. Ritchie quickly amassed multiple theft and driving related adjudications. At 17, Mr. Ritchie received his first adult prison sentence following an escape conviction for walking away from a juvenile detention placement. His adult criminal history consists primarily of lower level drug possession, theft, and other fraud related felonies. He received prison sentences on every felony he has been convicted of. He has no history of violent offenses outside of a prison context. He exemplifies the concept of the "revolving door of prison" having received many aggravated range sentences because he was on parole when he committed another low level – likely drug related – felony.

He is serving a prison sentence on four convictions (Denver 14CR3964 – drug possession; Denver 15CR4426 – theft; Arapahoe 15CR543 – possession of a forged instrument; Denver 17CR10108 – walk away escape from Peer 1) with a mandatory release date of January 2021.

**II.** **A SENTENCE OF 63 MONTHS FOLLOWED BY THREE YEARS OF SUPERVISED RELEASE WOULD BEST SATISFY THE GOALS OF §3553(a).**

The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are "the need for the sentence imposed -

    A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    B)    to afford deterrence to criminal conduct;

      C)       to protect the public from future crimes of the defendant; and

      D)       to provide the defendant with needed educational, or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2).

On March 1, 2017, Mr. Ritchie committed a bank robbery with a note. That note and Mr. Ritchie's statements that accompanied it placed the teller in fear for her safety. However, Mr. Ritchie was unarmed and had no intention of harming the teller or anyone present in the bank during the robbery. This robbery wasn't well planned nor was it one that Mr. Ritchie thought he would "get away with" – in the sense that Mr. Ritchie wrote the robbery note on the back of a paystub belonging to the individual whose stolen car Mr. Ritchie was driving. His commission of this bank robbery was induced by methamphetamine addiction and illustrates another example of self-sabotage.

Mr. Ritchie has a history of self-medicating the trauma of his childhood through use of methamphetamine. His use of the drug becomes self-sabotaging, leading him to commit theft, fraud, and drug offenses. He quickly returns to prison after release because of drug related crimes committed while on parole or other supervision. This offense is no different – Mr. Ritchie walks away from the Peer 1 program which he was participating in as a DOC transition client and commits this robbery within days.

Mr. Ritchie will continue through the "revolving door of prison" unless he can get drug treatment and mental health treatment. He must address not only his addiction, but the issues related to childhood abuse and feelings of abandonment. The RDAP program may provide an excellent opportunity for him to begin a course of treatment for

drug addiction. But, likely, real progress will not be made until Mr. Ritchie is released from a custodial setting and will have many therapists and programs available to him during his supervised release. Using evidence-based principles, the probation department can focus on addressing Mr. Ritchie's needs through appropriate interventions. The potential exists for Mr. Ritchie to participate in a program designed for co-occurring disorders upon his release.

Considering the nature of this non-violent bank robbery and the remaining sentencing factors, a sentence of 63 months (the low end of the applicable advisory guideline range) is appropriate. The tougher issue seems to be whether a total sentence of around 8 years (assuming Mr. Ritchie is held until his mandatory release date and then paroled to his federal detainer) is appropriate for his walk away escape from the Peer 1 program and this bank robbery committed while on escape status. Mr. Ritchie requests that the Court run his requested 63 month sentence concurrent to his state sentences. If Mr. Ritchie is held until his MRD (approximately 35 months from now) he would still serve the remaining twenty-eight months in federal custody. If Mr. Ritchie were to serve more time in state custody, then he will get the mental health medications he believes are the most effective. However, if Mr. Ritchie is paroled prior to his MRD, he will obviously serve the balance of his sentence in federal custody and the BOP will have to come up with an equivalent regime of medications. Because the two offenses are somewhat related because they were both fueled by addiction and relapse and committed within 3 days of one another, the Court should consider imposing some concurrent time. Running this federal sentence concurrent to Mr. Ritchie's state sentences does not detract from the deterrent effect of being sent to a

Federal Bureau of Prisons facility nor does it undermine the need to punish and promote respect for the law. Mr. Ritchie's time in federal custody has been difficult. He has not received the same mental health medications he received in CDOC. He has struggled with his mental health issues during the pendency of this case. Mr. Ritchie was "jumped" by members of the Mexican Paisa gang resulting in significant injuries including a broken nose and ribs. However, despite his difficulties in federal custody, when looking at the sentence in terms of a total length for a walk away escape and bank robbery by note committed three days from one another, just over 5 years is appropriate regardless of whether the majority of that time is served in state or federal custody.

III. **CONCLUSION**

A sentence of 63 months imprisonment running concurrent to his state sentences followed by 3 years of supervised release is "sufficient, but not greater than necessary" to achieve all of the goals as set forth in 18 U.S.C. §3553(a).

                                              Respectfully submitted,

                                              VIRGINIA L. GRADY
                                              Federal Public Defender

                                              s/Natalie Stricklin
                                              NATALIE STRICKLIN
                                              Assistant Federal Public Defender
                                              633 17th Street, Suite 1000
                                              Denver, CO  80202
                                              Telephone:  (303) 294-7002
                                              FAX:  (303) 294-1192
                                              natalie.stricklin@fd.org
                                              Attorney for Defendant

CERTIFICATE OF SERVICE

      I hereby certify that on March 9, 2018, I electronically filed the foregoing ***Sentencing Statement in Support of a Sentence of 63 Months*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Kurt Bohn, Assistant United States Attorney
    E-mail: kurt.bohn@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Nicole Peterson    (via Email)
    U.S. Probation Office

    Lawrence Ritchie    (via Mail)
    Reg. No. 44404-013
    GEO Detention Center

                                      s/Natalie Stricklin
                                      NATALIE STRICKLIN
                                      Assistant Federal Public Defender
                                      633 17th Street, Suite 1000
                                      Denver, CO  80202
                                      Telephone:  (303) 294-7002
                                      FAX:  (303) 294-1192
                                      natalie.stricklin@fd.org
                                      Attorney for Defendant